**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**MARK CLARKE, SANDRA CLARKE,
DAVID CLARKE and JUAN SOLIS,**

**Defendants.**                                        **No. 08-30170-DRH**

## ORDER

**HERNDON, Chief Judge**:

Now before the Court is the Government's October 29, 2010 motion to continue trial (Doc. 473).  Specifically, the Government moves to continue the November 29, 2010 trial as co-defendants Sandra Clarke and Juan Solis are still fugitives and their whereabouts are unknown.  Clearly, the Court finds that under the circumstances a continuance is warranted.  Further, the Court finds that pursuant to **18 U.S.C. § 3161(h)(7)(A)**, the ends of justice served by the granting of such continuance outweigh the best interests of the public and *all* Defendants in a speedy trial.  The Court **GRANTS** the motion to continue (Doc. 473).  The Court **CONTINUES** the jury trial scheduled for November 29, 2010 to **Tuesday, February 22, 2011 at 9:00 a.m.**

As noted above, Sandra Clarke and Juan Solis, remain fugitives.  These defendants are still at large and have not yet been arraigned.  Further, no motion for severance of the remaining defendants Mark Clarke and David Clarke has been filed or granted in this case, meaning all defendants adhere to the same Speedy Trial

clock.  Because the Speedy Trial clock does not begin to run until the last co-defendant is arraigned, the 70-day window for conducting this trial has not yet come into play under the Speedy Trial Act.  ***See United States v. Larson*, 417 F.3d 741, 745 n.1(7th Cir. 2005)("In the typical joint trial, the Speedy Trial clock begins when the last codefendant is arraigned.")(citing *United States v. Baskin-Bey*, 45 F.3d 200, 203 (7th Cir. 1995); *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986); 18 U.S.C. § 3161(h)(7)); *United States v. Souffront*, 338 F.3d 809, 835 (7th Cir. 2003)(The Court found that the seventy-day clock commenced the day a fugitive – also the final co-defendant in the case - was arraigned**).  Thus, as the Speedy Trial Clock has not begun to run, there is no need to account for excluded time due to trial delays, such as when a trial is continued.

Should either party believe that a witness will be required to travel on the Justice Prisoner and Alien Transportation System (JPATS) in order to testify at the trial of this case, a writ should be requested at least two months in advance.  The parties shall notify the Court if a change of plea hearing is necessary.

**IT IS SO ORDERED.**

**Signed this 2nd day of November, 2010.**

David R. Herndon
2010.11.02 12:04:09 -05'00'

**Chief Judge**
**United States District Court**